UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DARRELL L. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:15-CV-555-PLR-HBG |
| v. | ) | |
| | ) | |
| MIKE PARIS, DAVID ABEL, JASON ROGERS, and SHANNON WILLIAMSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will therefore be **GRANTED**. For the reasons set forth below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to

"'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff, a prisoner, asserts that he has been punished due to false statements from Defendant Abel, which are disproved by video evidence, and that the other Defendants know the truth of what happened and are not speaking out [Doc. 1 p. 4–5].[1] As relief, Plaintiff seeks damages and restoration of good-time credits [*Id.* at 6].

Where the duration of a prisoner's confinement is affected by a disciplinary conviction, he cannot bring a § 1983 action challenging that conviction until he has obtained a favorable termination of his disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (finding that an inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

---

[1] While Plaintiff also states that there is a currently pending criminal proceeding against him arising out of the same evidence and alleged falsifications, he does not seek relief from the Court relating to that court proceeding.

2

Plaintiff's complaint alleges that the discipline against him is ongoing, thereby demonstrating that the disciplinary proceedings at issue have not been terminated in Plaintiff's favor. Further, the Sixth Circuit has recognized that good-time credits typically have an automatic effect on the amount of time an inmate is incarcerated, *Thomas v. Eby*, 481 F.3d 434, 439 n. 3 (6th Cir. 2007), and Plaintiff specifically states in his complaint that the discipline imposed "has made the difference between [his] freedom and prison" [Doc. 1 p. 5]. As such, this claim is barred.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, this action will be **DISMISSED.**

Because plaintiff is an inmate at Morgan County Correctional Center ("MCCX"), he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act

3

relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**An appropriate order will enter.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**